PAUL HAAS, Conservator of the Estate and Person of Thomas Haas, an Incompetent, Plaintiff-Appellant, *v.* WESTLAKE COMMUNITY HOSPITAL *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 78-1953

Opinion filed March 26, 1980.

Jeffrey M. Goldberg, of Chicago, for appellant.

French & Rogers, of Chicago (Richard G. French and Timothy G. Keating, of counsel), for appellee Westlake Community Hospital.

Wildman, Harrold, Allen & Dixon, of Chicago (James A. Christman and Douglas L. Prochnow, of counsel), for appellees Joseph Interlandi, M. D., Jeanne Mercer, M. D., and Harold Smith, M. D.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (John G. Langhenry, Jr., and Stanley J. Davidson, of counsel), for appellee Martin Green, M. D.

Mr. JUSTICE RIZZI delivered the opinion of the court:

Plaintiff, Paul Haas, conservator of the estate and person of Thomas Haas, an incompetent, filed suit against defendants, Westlake Community Hospital, a corporation, Joseph Interlandi, M.D., Jeanne Mercer, M.D., Harold Smith, M.D. and Martin Green, M.D. The suit seeks damages for personal injuries suffered by Thomas Haas at the time of his birth. The court granted defendants' motions to dismiss based on the expiration of the limitation period for filing the suit (Ill. Rev. Stat. 1977, ch. 83, par. 22.1) and laches. We reverse and remand.

On August 16, 1956, Ruth Haas was admitted to the Westlake Community Hospital and was under the care of the individual physician defendants. Two days later, she gave birth to Thomas Haas. On August 18, 1974, Thomas Haas reached the age of 18. In 1977, he was adjudicated an incompetent in a probate court proceeding in Cook County. This suit was filed on February 28, 1978.

Plaintiff contends the action is not barred by the two-year limitation period for filing personal injury actions arising from patient care, because the allegations contained in the complaint are sufficient to invoke the statutory exception for persons who are insane or mentally ill. The statute provides:

"If the person entitled to bring the action is, at the time the cause of

action occurred, * * * insane, or mentally ill, * * * the period of limitations does not begin to run until the disability is removed." (Ill. Rev. Stat. 1977, ch. 83, par. 22.1.)

The complaint alleges "that from the date of birth to present, Thomas Haas has been a mental incompetent and incapable of managing his own person and affairs."

■■■ Defendants argue that plaintiff "has not alleged in this complaint that he has been insane or mentally ill since birth. Instead, he simply alleged that he has been a 'mental incompetent' since birth." We reject defendants' argument that the suit should be dismissed because the wording in the complaint does not mirror the terminology found in the applicable exception to the limitation statute. (See *Peach v. Peach* (1966), 73 Ill. App. 2d 72, 75, 218 N.E.2d 504, 505.) In this regard, pleadings must be liberally construed with a view toward doing substantial justice between the parties. (Ill. Rev. Stat. 1977, ch. 110, par. 33(3).) A pleading is sufficient as long as it reasonably informs the opposing party of the nature of the claim or defense. (Ill. Rev. Stat. 1977, ch. 110, par. 42(2).) These and similar provisions of the Civil Practice Act should be used by courts as tools to overcome word-construction stumbling blocks which would preclude a case from being heard on the merits. (See *Fleshner v. Copeland* (1958), 13 Ill. 2d 72, 77, 147 N.E.2d 329, 332; *Walinski v. Morrison & Morrison* (1978), 60 Ill. App. 3d 616, 619, 377 N.E.2d 242, 244.) Here, the trial court neglected to give effect to the purpose of the applicable sections of the Civil Practice Act.

We next consider whether, on the basis of the pleadings, the suit is barred by laches. If the plaintiff can prove that at the time the cause of action occurred Thomas Haas was insane or mentally ill, the period of limitations for filing the suit does not begin to run until the disability is removed. During that relevant time, Thomas Haas cannot be held accountable for any apparent delay, negligence, or laches in seeking redress through the courts, and he is not affected by the limitations period in the statute. (See *In re Estate of Goldberg* (1937), 288 Ill. App. 203, 212-13, 5 N.E.2d 863, 867; *Van Buskirk v. Van Buskirk* (1893), 148 Ill. 9, 26, 35 N.E. 383, 386; *Dodge v. Cole* (1881), 97 Ill. 338, 349.) The court, therefore, erred in ruling that the suit should be dismissed because of laches.

Accordingly, the order dismissing the suit is reversed and the case is remanded to the trial court.

Reversed and remanded.

McGILLICUDDY, P. J., and McNAMARA, J., concur.