RONALD PASSMORE, as Guardian of the Estate of Edward Passmore, Plaintiff-Appellant, v. WALTHER MEMORIAL HOSPITAL et al., Defendants-Appellees.

First District (2d Division)   No. 85—3593

Opinion filed January 27, 1987.—Rehearing denied March 3, 1987.

Barry D. Goldberg, of Goldberg & Goldberg, of Chicago (David A. Novoselsky, of counsel), for appellant.

Anthony C. Valiulis and Deborah L. Schmitt, both of Much, Shelist, Freed, Denenberg, Ament & Eiger, P.C., of Chicago, for appellees.

JUSTICE BILANDIC delivered the opinion of the court:

Plaintiff, Ronald Passmore, guardian of the estate of his son, Edward Passmore, sued Walther Memorial Hospital, Dr. Arthur Spindola, and Dr. H. Kaplan for medical malpractice. Plaintiff appeals from the trial court's order dismissing the second amended complaint with prejudice for failing to file the action within the time limitations set forth in the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 13—212).

The second amended complaint alleged that on May 16, 1962, Edward Passmore, then eight months old, was admitted to Walther Memorial Hospital where he was treated by attending physicians Kaplan and Spindola. It also alleges that as a result of the malpractice of the defendants, "on or about May 16, 1962, EDWARD PASSMORE, became and continues to be disabled, totally without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs." The complaint further alleged that this condition continued from the date of the acts of malpractice in May of 1962, through and including December 16, 1983, when Ronald Passmore was "duly appointed guardian of the estate and person of the disabled plaintiff, Edward Passmore," and "Letters of Office" issued.

Edward Passmore was born on September 13, 1961. He became 18 years old on September 13, 1979. More than four years later, on December 16, 1983, he was legally adjudicated disabled. On March 29, 1984, this action was filed.

Defendants' motion to dismiss was based on plaintiff's failure to bring this action prior to September 13, 1981, which was two years after Edward Passmore became 18. Defendants further assert that

since Edward Passmore was not legally adjudicated disabled during this two-year period, the statute of limitations was not tolled. The trial court held that "under legal disability," in section 13—212, "means under a legally adjudicated disability and in this case since there was no legal adjudication during the minority of this child or during the two-year period following his reaching majority, *** this case is time barred."

It is undisputed that an action could be brought within two years after Edward Passmore became 18. The portion of the statute dealing with the *limitation* period for minors and persons under legal disability provides:

> "If the person entitled to bring an action, specified in Sections 13—201 through 13—212 of this Act, at the time the cause of action accrued, is under the age of 18 years, or under legal disability, *** he or she may bring the action within 2 years after the disability is removed." (Ill. Rev. Stat. 1985, ch. 110, par. 13—211.)

The portion of the statute dealing with the *tolling* of the limitation provision states:

> "If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability *** the period of limitations does not begin to run until the disability is removed." Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

The issue presented is whether the facts alleged in plaintiff's complaint are sufficient to meet the requirement of "legal disability" under section 13—212 to toll the statute of limitations or whether a formal legal adjudication is necessary during minority or the two-year period after the minor reaches his majority.

In *Haas v. Westlake Community Hospital* (1980), 82 Ill. App. 3d 347, 402 N.E.2d 883, plaintiff, conservator of the estate of Thomas Haas, filed suit against defendant hospital and various physicians seeking damages for personal injuries suffered by Haas at the time of birth. Haas reached the age of 18 in 1974, he was adjudicated an incompetent in 1977, and the conservator filed suit in 1978. Plaintiff's complaint alleged "that from the date of birth to the present, Thomas Haas has been a mental incompetent and incapable of managing his own person and affairs." 82 Ill. App. 3d 347, 349, 402 N.E.2d 883.

*Haas* was decided under the predecessor to section 13—212, which used the words "insane or mentally ill" instead of "under legal disability." In *Haas*, defendants moved to dismiss the complaint because it did not allege that plaintiff was "insane or mentally ill" but

merely alleged that he was a mental incompetent since birth. The court said:

"We reject defendants' argument that the suit should be dismissed because the wording in the complaint does not mirror the terminology found in the applicable exception to the limitation statute. [Citation.] In this regard, pleadings must be liberally construed with a view toward doing substantial justice between the parties. [Citation.] A pleading is sufficient as long as it reasonably informs the opposing party of the nature of the claim or defense. [Citation.] These and similar provisions of the Civil Practice Act should be used by courts as tools to overcome word-construction stumbling blocks which would preclude a case from being heard on the merits. [Citations.]" *Haas v. Westlake Community Hospital* (1980), 82 Ill. App. 3d 347, 349, 402 N.E.2d 883.

As in *Haas*, the complaint, in the case at bar, alleged sufficient facts to invoke the portion of section 13—212 to toll the statute of limitations without tracking the exact language of the exception. *Haas* further held:

"If the plaintiff can prove that at the time the cause of action occurred Thomas Haas was insane or mentally ill, the period of limitations for filing the suit does not begin to run until the disability is removed. During that relevant time, Thomas Haas cannot be held accountable for any apparent delay, negligence, or laches in seeking redress through the courts, and he is not affected by the limitations period in the statute. [Citations.]" *Haas v. Westlake Community Hospital* (1980), 82 Ill. App. 3d 347, 349, 402 N.E.2d 883.

Plaintiff's amended complaint sufficiently alleged that he was "under legal disability" continuously from the age of eight months until the action was filed. Therefore, the action was timely.

■ Defendants maintain, and the trial court held, that the amendment to section 13—212 since *Haas* by replacing "insane or mentally ill" with "under legal disability" requires that the claimant be legally adjudicated disabled during minority or within two years after reaching majority. We cannot agree that plaintiff's right to a tolling of the statute is contingent upon a formal adjudication. If so, the real possibility would exist that plaintiff's rights were contingent upon the actions of his guardian. Since Edward Passmore was incapable of taking the necessary steps to have himself adjudicated as legally disabled until such time as his disability is removed, he must depend upon the diligence or competence of his guardian.

The public policy which underlies the tolling provision set forth in section 13—212 and its predecessor has been clearly stated by this and other courts on numerous occasions. This section, and its predecessor, was designed to ensure that "statutes of limitations [were] generally tolled during a plaintiff's infancy, *mental incompetency*, or imprisonment." (Emphasis added.) (*Girman v. County of Cook* (1981), 103 Ill. App. 3d 897, 898, 431 N.E.2d 1282, *appeal denied* (1982), 91 Ill. 2d 559.) The tolling provision was intended to protect the rights of those who were not "legally competent to bring actions directly" since the courts recognized that the enforcement of their rights should not be "left to the whim or mercy of some self-constituted next friend." 103 Ill. App. 3d 897, 898, 431 N.E.2d 1282, citing *McDonald v. City of Spring Valley* (1918), 285 Ill. 52, and *Wilbon v. D. F. Bast Co.* (1978), 73 Ill. 2d 58, 382 N.E.2d 784.

If defendants' interpretation of this statute is accepted and the "self-constituted next friend" fails to seek an "adjudication" of "legal disability" within the two-year period specified by section 13—212, the provisions of the tolling statute will have been rendered meaningless and the protection afforded to the otherwise incompetent person destroyed.

For the foregoing reasons, the order of the circuit court of Cook County dismissing the second complaint with prejudice for failing to file the action within the time limitations set forth in section 13—212 (Ill. Rev. Stat. 1985, ch. 110, par. 13—212) is reversed and the cause is remanded for further proceedings consistent with the views expressed herein.

Reversed and remanded.

SCARIANO, P.J., and HARTMAN, J., concur.