ESTATE OF VIRGINIA L. RIHA, A Disabled Person by and through Mary A. Riha, Guardian of the Estate and Person, Plaintiff-Appellant, v. CHRIST HOSPITAL *et al.*, Defendants-Appellees.

First District (1st Division)   Nos. 1—86—3474, 1—86—3475 cons.

Opinion filed August 14, 1989.—Rehearing denied September 20, 1989.—Modified opinion filed September 29, 1989.

Alan C. Hoffman, of Chicago (John Munday, of counsel), for appellant.

Cassiday, Schade & Gloor, of Chicago (Michael J. Gallagher, Rudolf G. Schade, Jr., Lisa A. Masucci, and Judith A. Schieber, of counsel), for appellee Christ Hospital.

John Cadwalader Menk & Associates, of Chicago (John Cadwalader Menk and Brian Perry Bruce, of counsel), for appellee Ayerst Laboratories, Inc.

Johnson, Cusack & Bell, Ltd., of Chicago (Thomas H. Fegan and Margaret A. Unger, of counsel), for appellee Melvin Wichter.

JUSTICE BUCKLEY delivered the opinion of the court:

This appeal arises from the circuit court's dismissal of two complaints filed by Mary Riha (plaintiff), guardian of the estate and person of Virginia Riha, alleging medical malpractice against Christ Hospital and Dr. Melvin Wichter and products liability against Ayerst Laboratories (defendants). The circuit court found the actions were barred by the statute of limitations. The applicable statutory provisions are the tolling provision in section 13—211 of the Civil Practice Act (the Act) (Ill. Rev. Stat. 1987, ch. 110, par. 13—211) and the refiling provision in section 13—217 of the Act (Ill. Rev. Stat. 1987, ch. 110, par. 13—217). Section 13—211 tolls the limitation period for actions specified in sections 13—201 through 13—212 for persons "under legal disability" "at the time the cause of action accrued" until two years after the disability is removed. Section 13—217 limits the refiling period after an action is voluntarily dismissed to "within one year or within the remaining period of limitation, whichever is greater" (Ill. Rev. Stat. 1987, ch. 110, par. 13—217).

On August 20, 1981, Virginia Riha filed a complaint in her individual capacity in the circuit court alleging medical malpractice against Christ Hospital and 36 physicians and alleging product liability against Ayerst. She moved to voluntarily dismiss all defendants except Dr. J. Meiszner, M.D., on July 6, 1982.

On May 22, 1985, the probate court entered an order finding Virginia Riha to be a "disabled person" and appointing plaintiff guardian of her estate and person. On August 13, 1985, plaintiff, as guardian of the estate and person of Virginia Riha, a disabled person, filed an amended complaint retaining Dr. J. Meiszner as a defendant and renaming as defendants Christ Hospital, Ayerst, and Wichter.

Christ Hospital and Ayerst moved to dismiss the amended complaint on the basis that it was time barred. Before their motions were

heard, plaintiff filed another lawsuit on behalf of Virginia Riha on June 9, 1986, naming as defendants Christ Hospital, Donald Walker, R.N., Wichter and Ayerst. Christ Hospital and Ayerst also moved to dismiss that case because of the pendency of another lawsuit involving the same issues and parties. The circuit court sustained Christ Hospital's and Ayerst's motions to dismiss on August 13, 1986, as well as Wichter's motion to dismiss on November 12, 1986.

On appeal, plaintiff contends that the circuit court erred in holding her actions were time barred by section 13—217's refiling provisions, arguing that she timely filed the action "within the remaining period of limitation" under that provision. To sustain her position, plaintiff asserts that the limitations period for filing her original action was tolled by section 13—211 of the Act since Virginia Riha was legally disabled at the time the cause of action accrued and her disability had not been removed at the time she refiled the action.

■ It is clear from the record that Virginia Riha was not legally adjudicated an incompetent at the time her cause of action accrued. Nonetheless, our research has revealed, and defendants have conceded in oral argument, that a formal legal adjudication of disability is not required to show that a person was "under a legal disability" pursuant to section 13—211.

In an amendment effective July 1, 1982, the legislature changed the language of the tolling provision in issue here from persons who are "incompetent" to persons "under legal disability." (Pub. Act. 92—280, eff. July 1, 1982 (amending Ill. Rev. Stat. 1979, ch. 83, par. 22).) Under case law involving the previous statute, claimants were not required to show a formal adjudication of incompetency to satisfy the statutory language, but could present medical evidence to establish their incompetency. See *Peach v. Peach* (1966), 73 Ill. App. 2d 72, 218 N.E.2d 504.

■ Our research discloses only two appellate court cases involving an interpretation of this statutory amendment or a similar statutory amendment. In the first case, relied on by plaintiff, *Mazikoske v. Firestone Tire & Rubber Co.* (1986), 149 Ill. App. 3d 166, 500 N.E.2d 622, the disputed issue was whether the appointment of a guardian six months after the cause of action accrued removed the legal disability under section 13—211. After answering in the negative, the court further found section 13—211's provisions were satisfied by evidence of a legal adjudication six months after the accident and testimony from a licensed clinical psychologist, who examined the claimant 10 years after the accident, that the accident rendered the victim incompetent to manage his estate and person and such condition was permanent.

The appellate court in the second case, *Passmore v. Walther Memorial Hospital* (1987), 152 Ill. App. 3d 554, 504 N.E.2d 778, explicitly rejected the argument that the claimant had to be legally adjudicated disabled under identical language and statutory amendment under section 13—212, the tolling provision for bringing actions for injuries or death against physicians and hospitals. The appellate court reversed the circuit court's finding that "under legal disability" meant a legally adjudicated disability. The court stated the policy reasons for its finding:

> "The public policy which underlies the tolling provision set forth in section 13—212 and its predecessor has been clearly stated by this and other courts on numerous occasions. This section, and its predecessor, was designed to ensure that 'statutes of limitations [were] generally tolled during a plaintiff's infancy, *mental incompetency*, or imprisonment. (Emphasis added.) [Citation.] The tolling provision was intended to protect the rights of those who were not 'legally competent to bring actions directly' since the courts recognized that the enforcement of their rights should not be 'left to the whim or mercy of some self-constituted next friend.' [Citation.]
>
> If defendants' interpretation of this statute is accepted and the 'self-constituted next friend' fails to seek an 'adjudication' of 'legal disability' within the two-year period specified by section 13—212, the provisions of the tolling statute will have been rendered meaningless and the protection afforded to the otherwise incompetent person destroyed." (*Passmore*, 152 Ill. App. 3d at 558, 504 N.E.2d at 780-81.)

Thus, plaintiff need not establish that Virginia Riha was legally adjudicated disabled at the time her cause of action accrued, as the intent of the legislature in enacting section 13—211's tolling provision is to protect the rights of incompetent persons, whether or not they are adjudicated as such.

■ Plaintiff's complaint here sufficiently alleged facts that Virginia Riha was "under legal disability" at the time her cause of action accrued. Virginia Riha's 1981 amended complaint and plaintiff's 1986 refiled complaint alleged that as of the date Virginia Riha was hospitalized, she suffered from schizophrenia and mental disorders and that defendants' negligence aggravated her condition and caused her to be "greatly disordered *** in mind." The *Passmore* court similarly found the complaint to sufficiently allege facts that the claimant was "under legal disability" to invoke section 13—212's tolling provision where the complaint alleged that from the date of the acts of malpractice

the claimant was entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs. *Passmore*, 152 Ill. App. 3d at 557, 504 N.E.2d at 780.

At plaintiff's motion for a rehearing in the circuit court, plaintiff brought to the circuit court's attention medical and psychiatric reports and hospital records to establish her incompetence at the time the cause of action accrued. The record indicates, however, that the circuit court did not consider this evidence because it apparently was under the erroneous belief that a formal legal adjudication was required to establish that Virginia Riha was under a legal disability at the time her cause of action accrued. Because this determination is properly one for the trier of fact, it is necessary that we remand this matter to the circuit court. While a person is presumed to be sane and competent until his status is otherwise determined (*In re Estate of Oelerich* (1961), 31 Ill. App. 2d 457, 176 N.E.2d 549), on remand, the plaintiff is to be afforded an evidentiary hearing so that she may attempt to overcome that presumption.

Reversed and remanded.

MANNING, P.J., and O'CONNOR, J., concur.