**James WEST, a minor, by his Mother and Next Friend, Pamlyn N. GROVE, Plaintiff,**

v.

**ROCKFORD MEMORIAL HOSPITAL, W.C. Fuller, M.D., and Charles Washington, M.D., Defendants.**

**No. 90 C 20126.**

United States District Court, N.D. Illinois, W.D.

Nov. 5, 1992.

Leonard M. Ring, Leonard M. Ring & Associates, Chicago, IL, for plaintiff.

Robert R. McWilliams, Kostantacos, Traum, Reuterfors & McWilliams, P.C., Richard D. Gaines, Holmstrom & Kennedy, David P. Faulkner, Lord, Bissell & Brook, John A. Sandberg, Hinshaw & Culbertson, Rockford, IL, for defendants.

ORDER

REINHARD, District Judge.

INTRODUCTION

Before this court is defendant's,[1] Charles Washington, M.D., motion to dismiss the amended complaint filed by plaintiff, James West, a minor.[2] Plaintiff has alleged that in November 1976 defendant was negligent in caring for and treating plaintiff. Plaintiff has further alleged that as a direct and proximate cause of defendant's negligence, he has been "continuously disabled both mentally and physically and totally without understanding or capacity to make or communicate decisions regarding his person, estate or financial affairs."

Defendant asserts in his motion to dismiss that plaintiff's cause of action is time barred by ILL.REV.STAT. ch. 110, ¶ 13–212 (1989). Paragraph 13–212(b) provides:

> [N]o action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether

---

1. This motion is filed by defendant Charles Washington only.

2. This court has diversity jurisdiction pursuant to 28 U.S.C. § 1331 as plaintiff is a resident of

Wisconsin and defendant is a resident of Illinois. Further, the amount in controversy exceeds $50,000.

based upon tort, or breach of contract or otherwise, arising out of patient care shall be brought more than 8 years after the date on which the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday.

ILL.REV.STAT. ch. 110, ¶ 13–212(b) (1989). However, ¶ 13–212(c) provides an exception that tolls the statute of limitations:

If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed.

ILL.REV.STAT. ch. 110, ¶ 13–212(c) (1989).

It is undisputed that plaintiff did not meet the eight-year statute of limitations in ¶ 13–212(b). However, plaintiff claims that he is "legally disabled" under ¶ 13–212(c), and therefore, the statute of limitations has been tolled. Defendant's basis for dismissal is that plaintiff has not adequately pled that he is "legally disabled" in order to toll the statute of limitations.

Defendant essentially argues that in order to be "legally disabled" under ¶ 13–212(c) a court must adjudicate the person disabled, and because plaintiff was never adjudicated disabled, he is not "legally disabled." Plaintiff maintains, however, that the allegations in his complaint have adequately pled that he was "legally disabled" when the cause of action accrued.

## DISCUSSION

■ Under the doctrine of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), a federal court exercising jurisdiction over a case grounded on diversity of citizenship must apply the pertinent state's substantive law. *Prince v. Zazove*, 959 F.2d 1395, 1400–01 (7th Cir. 1992); *Strachan v. Nesbit*, 202 F.2d 216, 218 (7th Cir.1953). If the state supreme court has not decided the issue, then the district court must look to cases decided by the intermediate appellate courts having addressed the issue, and is bound by those decisions absent a good reason to think the state supreme court would hold otherwise. *Shields Enterprises, Inc. v. First Chicago Corp.*, 975 F.2d 1290, 1297–98 (7th Cir. 1992).

In the present case, the Illinois Supreme Court has not addressed the issue of "legal disability" as provided in ILL.REV.STAT. ch. 110, ¶ 13–212. However, the issue was squarely addressed in an Illinois appellate court decision, *Passmore v. Walther Memorial Hosp.*, 152 Ill.App.3d 554, 105 Ill. Dec. 493, 504 N.E.2d 778 (1st Dist.1987), *appeal denied*, 115 Ill.2d 543, 110 Ill.Dec. 459, 511 N.E.2d 431 (1987). In *Passmore*, the plaintiff was severely injured on May 16, 1962. He did not reach majority until September 13, 1979. The plaintiff was adjudicated legally disabled four years later and filed his complaint in 1984. The defendants moved to dismiss the action claiming that under ¶ 13–212 the plaintiff had to bring the cause of action within two years of reaching majority. The defendants argued that the statute of limitations was not tolled because the plaintiff was not adjudicated legally disabled during this two-year period. *Passmore*, 152 Ill.App.3d at 555, 105 Ill.Dec. at 494, 504 N.E.2d at 779.

The plaintiff alleged in his complaint that, "on or about May 16, 1962, Edward Passmore, became and continues to be disabled, totally without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his person and totally unable to manage his estate or financial affairs." *Passmore*, 152 Ill.App.3d at 555, 105 Ill. Dec. at 494, 504 N.E.2d at 779. The plaintiff contended that these alleged facts were sufficient to meet the requirement of legally disabled under ¶ 13–212.

In *Passmore*, as in the present action, the defendant argued that replacing "insane or mentally ill" with "under legal disability" in the current version of ¶ 13–212 required the plaintiff to be *adjudicated* legally disabled. *Passmore*, 152 Ill.App.3d

at 556, 105 Ill.Dec. at 495, 504 N.E.2d at 780.

The *Passmore* court rejected this argument:

> We cannot agree that plaintiff's right to a tolling of the statute is contingent upon a formal adjudication. If so, the real possibility would exist that plaintiff's rights were contingent upon the actions of his guardian. Since [plaintiff] was incapable of taking the necessary steps to have himself adjudicated as legally disabled until such time as his disability is removed, he must depend upon the diligence or competence of his guardian.

*Passmore*, 152 Ill.App.3d at 557, 105 Ill. Dec. at 495, 504 N.E.2d at 780. The court further explained that ¶ 13–212 was designed to ensure that the statute of limitations was tolled during the plaintiff's infancy, mental incompetency or imprisonment. *Passmore*, 152 Ill.App.3d at 557, 105 Ill. Dec. at 495, 504 N.E.2d at 780.

The court stated, "The tolling provision was intended to protect the rights of those who were not 'legally competent to bring actions directly' since the courts recognized that the enforcement of their rights should not be 'left to the whim or mercy of some self-constituted next friend.'" *Passmore*, 152 Ill.App.3d at 780, 105 Ill.Dec. at 495–96, 504 N.E.2d at 780–81 (quoting *Girman v. County of Cook*, 103 Ill.App.3d 897, 59 Ill.Dec. 534, 431 N.E.2d 1291 (1st Dist. 1981)). Finally, the *Passmore* court noted that the defendants' interpretation of ¶ 13–212 would render the provision of the tolling statute meaningless and "the protection afforded to the otherwise incompetent

person [would be] destroyed." *Passmore*, 152 Ill.App.3d at 558, 105 Ill.Dec. at 496, 504 N.E.2d at 781.

Similarly, the Illinois appellate court in a subsequent case, *Estate of Riha v. Christ Hosp.*, 187 Ill.App.3d 752, 135 Ill.Dec. 907, 544 N.E.2d 403 (1st Dist.1989) held that formal adjudication of a disability was not required to show that a person was under a "legal disability" at the time the action accrued for purposes of tolling the statute of limitations. Relying on *Passmore*, the *Riha* court found that the plaintiff's allegations that from the date she was hospitalized, she suffered from schizophrenia and mental disorders and that the defendants' negligence aggravated these conditions to the point where the plaintiff was "greatly disordered in the mind," were sufficient in meeting the tolling provisions in ¶ 13–211.[3] *Riha*, 187 Ill.App.3d at 40, 135 Ill.Dec. at 909, 544 N.E.2d at 405.[4]

Furthermore, this court, through its own research, has found two cases decided in the Northern District of Illinois which have relied on Illinois appellate court decisions in concluding that formal adjudication is not required to establish a "legal disability" in Illinois. In *Johnson v. Johnson*, 766 F.Supp. 662 (N.D.Ill.1991), the court interpreted a similar tolling statute in ¶ 13–202.2 [5] as not to require adjudication for a person to be "under a disability." The court stated:

> Under Illinois law, a person is "presumed to be sane and competent until his status is otherwise determined." *Estate of Riha v. Christ Hosp.*, 187 Ill.App.3d 752

---

**3.** Paragraph 13–211 also deals with "legal disability":

> **Minors and persons under legal disability**
> If the person entitled to bring an action, specified in Sections 13–201 through 13–210 of this Act, at the time the cause of action accrued, is under the age of 18 years, or is under a legal disability, then he or she may bring the action within 2 years after the person attains the age of 18 years, or the disability is removed.

ILL.REV.STAT. ch. 110, ¶ 13–211 (1989).

**4.** The *Riha* court also held that since the lower court was under the erroneous belief that a formal adjudication was required to establish legal disability, the issue of legal disability was

to be remanded to the lower court. The court held that the determination of legal disability is ultimately for the trier of fact. *Riha*, 187 Ill. App.3d at 40, 135 Ill.Dec. at 909, 544 N.E.2d at 405.

**5.** Paragraph 13–202.2 reads in pertinent part:

> The limitations periods under subsection (b) do not begin to run before the person abused attains the age of 18 years; and, if at the time the person abused attains the age of 18 years he or she is under other legal disability, the limitation periods under subsection (b) do not begin to run until the removal of the disability.

ILL.REV.STAT. ch. 110, ¶ 13–202.2(d) (1991).

[135 Ill.Dec. 907, 909], 544 N.E.2d 403, 405 (1st Dist.1989). Ms. Johnson properly points out that Illinois law does not require adjudication of incompetency. *Id.*

*Johnson,* 766 F.Supp. at 665.

In *Alber v. Illinois Dept. of Mental Health,* 786 F.Supp. 1340 (N.D.Ill.1992), the court was faced with deciding the requirements of pleading a "legal disability" under ¶ 13–211. The court held, "No prior adjudication of incompetence is required to trigger that exception [the tolling rule] to the statute of limitations. It is enough that the complaint allege facts sufficient to prove legal disability." *Alber,* 786 F.Supp. at 1359 (citing *Estate of Riha v. Christ Hosp.,* 187 Ill.App.3d 752, 755–56, 135 Ill. Dec. 907, 909, 544 N.E.2d 403, 405 (1st Dist.1989)). *See also Reichert v. Ford Motor Co.,* 768 F.Supp. 262, 263 (S.D.Ill.1991) (where the court found that the plaintiff had sufficiently alleged that he was under a legal disability pursuant to ¶ 13–211, without any formal adjudication).

■ Accordingly, this court holds that in Illinois,[6] plaintiff need not formally be adjudicated "legally disabled" to effectively toll the statute of limitations under ¶ 13–212. Turning to the case at bar, plaintiff has alleged that he has been severely and permanently brain damaged from birth and has been "continuously disabled both mentally and physically and totally without understanding or capacity to make or communicate decisions regarding his person, estate or financial affairs." Amended Complaint, Count III at ¶ 5. This court holds that plaintiff has sufficiently alleged that he was "legally disabled" within the meaning of ¶ 13–212, thereby tolling the statute of limitations.[7]

Defendant additionally argues that since the term "legal disability" is not defined in ¶ 13–212, the court must look to other Illinois statutes where the term is defined and apply the same meaning. In doing so, defendant points to the Mental Health and Developmental Disability Code (Mental Health Code),[8] which states, "nor shall such person be held legally disabled except as determined by a court." Defendant urges this court to apply this definition of "legally disabled" to actions involving ¶ 13–212, an argument not made in the *Passmore* and *Riha* decisions.

Defendant's argument is unpersuasive. The Mental Health Code involves determining when to give a person mental health and disability services. To be eligible, a court must find the person disabled. To the contrary, ¶ 13–212 confers no such benefit; rather, it deals with an individual's right to maintain and preserve a cause of action. Therefore, that the Illinois legislature requires adjudication of legal disability under the Mental Health Code in no way suggests the same meaning is to be used when dealing with a person's substantive right to maintain a cause of action. As the court in *Passmore* pointed out, the defendant's definition of "legally disabled" would render the protection afforded in ¶ 13–212 meaningless. The plaintiff's right to seek redress through the courts cannot be contingent upon his guardian or next-of-friend going through the necessary steps to adjudicate him legally disabled.

This court also rejects defendant's argument that because words are to be used in their ordinary and popular meaning, and whereas "legal disability" is defined to be a disability imposed *by law,* a court must adjudicate the person disabled in order to qualify. Defendant overlooks that a person can plead allegations which render him legally disabled and a court can make this determination *without* any prior adjudication. Such a determination would still be "by law."

Defendant also points to the several statutes of limitations that have been enacted by the Illinois legislature in response to the proliferation of medical malpractice lawsuits. Defendant argues that not requiring

---

**6.** No reason has been shown that the Illinois Supreme Court would hold otherwise.

**7.** Of course, if defendant denies that plaintiff was actually legally disabled as alleged, this

may remain a factual issue to be resolved at a later proceeding.

**8.** Ill.Rev.Stat. ch. 91½, ¶ 2–101 (1989).

an adjudication of this status within the eight-year period contravenes the public policy of Illinois of limiting medical malpractice suits. Defendant contends that such an interpretation of ¶ 13–212 will subject the medical profession to the risk of law suits until the death of the patient. This may be so. However, an individual should not be deprived of his substantive right to sue because his guardian did not have him adjudicated "legally disabled." As the plain language of ¶ 13–212 states, the statute of limitations does not run until the disability is removed.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is denied.