KATHIE E. CLARK, Indiv. and as Guardian of Scott Clark, *et al.*, Plaintiffs-Appellants, v. JAE EUN HAN *et al.*, Defendants-Appellees.

First District (3rd Division)    No. 1—93—4432

Opinion filed March 31, 1995.—Rehearing denied June 15, 1995.

Law Office of Kenneth C. Chessick, M.D., of Schaumburg (Kenneth C. Chessick and John W. Fisk, of counsel), for appellants.

Timothy A. Weaver, of Pretzel & Stouffer, Chartered, of Chicago (Robert Marc Chemers and Jodi M. Smoller, of counsel), for appellee Estate of Robert B. Huber.

David C. Hall, of Lord, Bissell & Brook, of Chicago (Hugh C. Griffin and Diane I. Jennings, of counsel), for appellees Jae Eun Han, Richard F. Whitlock, and W.S.K., S.C.

Robert H. Smith, of Hinshaw & Culbertson, of Chicago (Nancy G. Lischer and Frederick E. Mackraz, of counsel), for appellee Sherman Hospital Association.

PRESIDING JUSTICE GREIMAN delivered the opinion of the court:

Kathie E. Clark, individually and as guardian of Scott Clark, and Walter Clark (plaintiffs) appeal the dismissal with prejudice of their complaint alleging medical malpractice for conduct surrounding the birth of Scott Clark, who was 16 years old at the time the complaint was filed.

First defendants question whether this court has jurisdiction by reason of plaintiffs' alleged untimely filing of their notice of appeal.

Next plaintiffs question whether a medical malpractice action brought on behalf of a plaintiff who is both a minor and mentally disabled is governed by the limitations period applicable only to minors (735 ILCS 5/13—212(b) (West 1992)) or by the tolling provision applicable to the legally disabled (735 ILCS 5/13—212(c) (West 1992)), and whether the statutory limitations period for minors is constitutional as applied.

Lastly, defendants suggest that plaintiffs waived their claims under the Rights of Married Persons Act (Family Expense Act) (750 ILCS 65/15 (West 1992)) by failing to raise such claims on appeal.

As to each issue, respectively, we find that this court has jurisdiction because plaintiffs' notice of appeal was timely filed, that the tolling provision for legally disabled persons applies (i.e., subsection (c)), that the constitutional challenges cannot be reached since we have decided this case on other grounds, and that plaintiffs waived their claims under the Family Expense Act. Accordingly, we reverse the dismissal of plaintiffs' complaint and remand the case to the circuit court.

The facts are not in dispute. On July 15, 1977, the minor plaintiff, Scott Clark, was born. On December 10, 1992, when Scott was 16 years old, plaintiffs filed the instant lawsuit alleging negligence against multiple defendants for medical care rendered in connection with Scott's birth. The complaint alleged that Scott has been severely mentally retarded since birth and sought recovery on behalf of Scott and on behalf of his parents under the Family Expense Act (750 ILCS 65/15 (West 1992)).

Defendants filed motions to dismiss under section 2—619(a)(5) of the Illinois Code of Civil Procedure (735 ILCS 5/2—619(a)(5) (West 1992)) based on the eight-year limitations period applicable to a minor under subsection (b) of the statute governing medical malpractice actions (735 ILCS 5/13—212(b) (West 1992)).

In response, plaintiffs asserted that subsection (c) of the same statute applied and tolled the statute of limitations. 735 ILCS 5/13—212(c) (West 1992).

On September 10, 1993, the circuit court granted defendants' motions and thus dismissed plaintiffs' complaint with prejudice by a final and appealable order. Thereafter, on November 9, 1993, the circuit court denied plaintiffs' motion to reconsider. On November 30, 1993, plaintiffs filed a notice of appeal as to the September 10 order dismissing their complaint with prejudice and the November 9 order denying their motion for reconsideration of the earlier order.

On appeal, defendants raise the threshold question of this court's jurisdiction based on plaintiffs' alleged failure to timely file their appeal from the September 10 order dismissing their complaint. Defendants observe that plaintiffs timely filed their post-judgment motion to reconsider on October 8 but at the motion call on October 20, the trial court indicated that the motion had been withdrawn by plaintiffs. Thus, according to defendants, the motion was no longer pending before the circuit court and the 30-day period for filing a notice of appeal reverted to September 10, *i.e.*, the date the circuit court entered its dismissal order. Since plaintiffs did not file their notice of appeal until November 30, defendants contend that such filing was tardy. We disagree.

■ Supreme Court Rule 303 provides that the 30-day filing period for a notice of appeal is triggered when the trial court enters an "order disposing of the last pending post-trial motion." 134 Ill. 2d R. 303(a)(1).

The Illinois Supreme Court commands strict compliance with its rules governing appeals and neither a circuit nor an appellate court has the authority to excuse compliance with the filing requirements mandated by such rules. (*Mitchell v. Fiat-Allis, Inc.* (1994), 158 Ill. 2d 143, 150, 632 N.E.2d 1010.) The timely filing of an appeal is not only mandatory but also jurisdictional. *Archer Daniels Midland Co. v. Barth* (1984), 103 Ill. 2d 536, 539, 470 N.E.2d 290; *Citicorp Savings v. First Chicago Trust Co.* (1995), 269 Ill. App. 3d 293.

A valid motion to reconsider judgment tolls the time for filing a notice of appeal. *Archer Daniels Midland*, 103 Ill. 2d at 538; *Mendelson v. Ben A. Borenstein & Co.* (1992), 240 Ill. App. 3d 605, 615-16, 608 N.E.2d 187; *Elmhurst Auto Parts, Inc. v. Fencl-Tufo Chevrolet, Inc.* (1992), 235 Ill. App. 3d 88, 90, 600 N.E.2d 1229.

■ The record in the present case reveals that on October 8 plaintiffs timely filed a motion to reconsider. In this motion plaintiffs noticed it for October 20 and also requested leave to file a memorandum of law in support of their motion within 14 days, or on or before October 24. The following transcript for the October 20 proceedings states in full as follows:

> "THE COURT: 10 o'clock call. Number 25 on the 10 o'clock call has been withdrawn. That is Clark versus Han.
> (Which were all the proceedings had.)"

No appearances are noted in the transcript.

On October 21 plaintiffs filed an amended notice of motion setting their motion to reconsider for November 9. On October 25 plaintiffs filed their memorandum of law in support of their motion to reconsider. Following the filing of other motions by certain defendants, a hearing was held on November 9 and the circuit court entered an order denying plaintiffs' motion to reconsider. On November 30 plaintiffs filed a notice of appeal now before this court.

The instant case presents a post-judgment motion hearing where no parties appeared and the trial court simply noted that "Number 25 on the 10 o'clock call has been withdrawn." Defendants characterize such language as disposing of the motion. Plaintiffs, on the other hand, assert that the language indicates withdrawal of the request for consideration of the *notice* of motion, not an abandonment of the motion. Plaintiffs further contend that all attorneys were notified prior to October 20 that the matter would not go forward at the time for which notice was given and the record supports this contention since no attorneys were present for the hearing on October 20.

We find that plaintiffs' motion to reconsider was merely taken off the October 20 call. Moreover, the circuit court rules provide that a movant can set a motion within 90 days after notice.

Defendants' reliance on *Yazzin v. Meadox Surgimed, Inc.* (1991), 224 Ill. App. 3d 288, 586 N.E.2d 533, is misplaced because, unlike the present case, the plaintiff's post-trial motion in *Yazzin* was stricken. Similarly, in a subsequent case distinguishing *Yazzin*, the appellate court was faced with a trial court's order striking the plaintiff's motion to reconsider. *Workman v. St. Therese Medical Center* (1994), 266 Ill. App. 3d 286, 640 N.E.2d 349.

For all the foregoing reasons, we find that plaintiffs timely filed their notice of appeal and we have jurisdiction to consider this matter.

This appeal requires us to address the medical malpractice statute of limitations for an action involving a plaintiff who suffers from concurrent, legal disabilities of minority age and mental incompetency.

Prior to 1987, section 13—212 of the Illinois Code of Civil Procedure provided in pertinent part as follows:

"If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed." Ill. Rev. Stat. 1985, ch. 110, par. 13—212.

In 1987 the legislature amended section 13—212 to create a subsection relating to minors (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(b)) and another subsection relating to legally disabled persons (Ill. Rev. Stat. 1987, ch. 110, par. 13—212(c)). With the exception of 1991 amendments deleting references to persons who were imprisoned, the language following the 1987 amendments remains in pertinent part as follows:

"(b) Except as provided in Section 13—215 [fraudulent concealment] of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday. If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987.

(c) If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed." 735 ILCS 5/13—212(b), (c) (West 1992).

In the present appeal, plaintiffs assert that subsection (c) should apply because the minor plaintiff is suffering under a legal disability other than being under age 18, namely, he is profoundly disabled and severely mentally retarded and incompetent. Plaintiffs submit that since this legal disability has not been removed, the statute of limitations is tolled under subsection (c).

Defendants contend that subsection (b) applies because it applies to all minors in light of the statute's language and that such was the legislature's intention when it amended subsection (b) to impose an eight-year limit on medical malpractice actions for minors.

Defendants would have us believe that the question raised by this appeal is one of first impression. On the contrary, however, this court and a Federal district court have previously addressed the issue raised here and thus the slate on which we decide this case is not so clean as defendants wish.

■ To construe a statute, the court "must ascertain and give effect to the legislature's intent." *People v. Jameson* (1994), 162 Ill. 2d 282, 287, 642 N.E.2d 1207; *Antunes v. Sookhakitch* (1992), 146 Ill. 2d 477, 484, 588 N.E.2d 1111.

The best evidence of the legislature's intent ordinarily lies in the language of the statute. (*Jameson*, 162 Ill. 2d at 288.) Accordingly, "[t]o ascertain the legislative intent, the court must first look to the language of the statute, examining the language of the statute as a whole, and considering each part or section in connection with every other part or section." *Antunes*, 146 Ill. 2d at 484.

Where the language of a statute is clear and unambiguous, a court must enforce the law as enacted (*People v. Brandon* (1994), 162 Ill. 2d 450, 461, 643 N.E.2d 712) and does not need to refer to legislative debates to determine the legislature's intention (*Heise v. Mitten* (1991), 207 Ill. App. 3d 941, 946, 566 N.E.2d 507).

■ The plain language of subsection (b) relates to a person who "was, at the time the cause of action accrued, under the age of 18 years" and imposes an eight-year limitation period. 735 ILCS 5/13—212(b) (West 1992).

The plain language of subsection (c) relates to a person who "is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years" and provides that the limitations period "*does not begin to run until the disability is removed.*" (Emphasis added.) (735 ILCS 5/13—212(c) (West 1992).) If the disability is never removed, as in the present case, then the limitations period would never begin and, in turn, never end. As alleged in plaintiffs' complaint, the minor plaintiff suffers permanent and total disability and thus the disability never has been and never will be removed.

In 1987 this court held that for purposes of a medical malpractice action, the statute of limitations is tolled for a minor who is mentally disabled. (*Passmore v. Walther Memorial Hospital* (1987), 152 Ill. App. 3d 554, 504 N.E.2d 778.) In *Passmore*, we found that a medical malpractice action by a mentally disabled person who was injured at the age of eight months and who filed four years after he turned 18 years old was not time barred under section 13—212 and rejected the defendant's argument that the plaintiff's right to a tolling of the statute is contingent upon a formal adjudication of legal disability.

Relying on our *Passmore* decision and the cases cited therein, a Federal district court applied the substantive law of Illinois and held that a formal adjudication of legal disability is not required to effectively toll the statute of limitations for the minor plaintiff who was severely and permanently brain damaged since birth. (*West v. Rockford Memorial Hospital* (N.D. Ill. 1992), 812 F. Supp. 833, 836 (hereinafter referred to as *West I*).) In *West I*, the Federal court also rejected defendant's argument that the court should look to other statutes which define "legally disabled" because the term is not defined in section 13—212. The defendant in *West I* attempted to apply the provision relating to the legally disabled as stated in the Mental Health and Developmental Disabilities Code (Ill. Rev. Stat. 1989, ch. 91½, par. 2—101 (now 405 ILCS 5/2—101 (West 1992))).

In *West I*, the court also rejected defendant's arguments regarding the statute of limitations enacted by the Illinois legislature in response to the alleged increase in medical malpractice lawsuits. The court stated as follows:

> "Defendant argues that not requiring an adjudication of this status [legal disability] within the eight-year period contravenes the public policy of Illinois of limiting medical malpractice suits. Defendant contends that such an interpretation of ¶13—212 will subject the medical profession to the risk of law suits until the death of the patient. This may be so. However, an individual should not be deprived of his substantive right to sue because his guardian did not have him adjudicated 'legally disabled.' As the plain language of ¶13—212 states, the statute of limitations does not run until the disability is removed." *West*, 812 F. Supp. at 836-37.

Subsequently, the same Federal district court revisited the case involving the minor James West and denied two other defendants' motions to dismiss based upon the statute of limitations. *West v. Rockford Memorial Hospital* (N.D. Ill. January 23, 1995), No. 90 C 20126 (hereinafter referred to as *West II*).

In *West II*, the court rejected arguments now advanced by defendants in the instant case: (1) the definition of "disabled person" in the Probate Act of 1975 under the article entitled "Guardians for Disabled Adults" (755 ILCS 5/11a—2 (West 1992)) which applies to the adjudication of an adult as disabled for the purpose of appointing a guardian, is unrelated to the rationale of section 13—212 and the definition in the Probate Act would not be grafted onto the medical malpractice statute of limitations; and (2) the legislative history and floor debates on subsection (b) are, in effect, absolutely irrelevant since they make no mention of subsection (c), no mention of persons

with other legal disabilities and no mention of minors with other legal disabilities.

The court in *West II* relied on the plain language of the statute:

> "The structure of section 5/13—212 is quite clear: subsection (a) is the general statute of limitations, subsection (b) provides a different limitations period for persons under the legal disability of minority, and [sub]section (c) provides a third limitations period for persons under legal disabilities other than minority. The import of such a structure is simple and straightforward: the cause-of-action of a minor with another legal disability is not cut off by the shorter limitations period in (a) because of (b) and (c), and is not cut off by the shorter limitations period in (b) because of (c)." *West*, slip op. at 7.

Moreover the rights ensured in subsection (c) have not been affected or changed by subsection (b).

> "What *Passmore* and *West I* implicitly recognize is that when the legislature enacted section 5/13—212(b), deciding that persons whose legal disability was minority would, in fact, have to rely on a next-friend to bring a medical malpractice action, it did not change the historical rationale with regard to other legal disabilities, as is demonstrated by the continued existence of section 5/13—212(c)." (*West*, slip op. at 7-8 n.4.)

Similarly, the fourth district reaffirmed that subsection (c) was designed to ensure that statutes of limitations were generally tolled during a plaintiff's incompetency. *Hertel v. Sullivan* (1994), 261 Ill. App. 3d 156, 164, 633 N.E.2d 36 (relying on *Passmore*).

Defendants primarily argue that (1) the *Passmore* decision and the cases on which it relies should not be considered because those cases predate the amendment to the statute at issue, and (2) the Federal decisions in *West I* and *West II* are not binding authority on a State court.

We reject defendants' arguments for several reasons. First, the 1987 amendments did not change the substance of subsection (c) in that the statute of limitations was tolled for the legally disabled. Second, the 1987 amendments codified separate subsections for minors and the legally disabled. Third, where, as here, the legislature amended the statute at issue subsequent to case law interpreting the prior version of the statute (such as *Passmore*), the legislature is presumed to have been aware of the judicial decisions and, axiomatically, to have acted with this knowledge. *People v. Hickman* (1994), 163 Ill. 2d 250, 262, 644 N.E.2d 1147; *Hyatt Corp. v. Sweet* (1992), 230 Ill. App. 3d 423, 434, 594 N.E.2d 1243 ("legislative awareness of a judicial construction of the earlier version of a statute is presumed").

■ If the legislature had wanted to treat legally disabled minors

in the same manner as all other minors, it could have easily done so. This court does not operate as a third house of the legislature to cure or codify, by judicial action, defendants' conception of what the legislature allegedly meant to do.

The record also refutes defendants' argument that plaintiffs' complaint alleged no legal disability other than minority. For example, count I of plaintiffs' complaint included the following allegations:

"27. As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions of the defendant, plaintiff SCOTT CLARK is and has been since birth *severely mentally retarded, unable to speak or otherwise communicate, unable to control his voluntary muscles, unable to control his bodily functions, and is unable to feed or care for himself.*

28. Plaintiff SCOTT CLARK is entirely without understanding or capacity to make or communicate decisions regarding his person and totally unable to manage his estate or financial affairs, is unable to handle the ordinary affairs of life, and *is permanently and totally legally disabled* from July 15, 1977 [date of birth] until the present time." (Emphasis added.)

Although Illinois courts are not bound by Federal decisions, the opinions and rationale in *West I* and *West II* when considered in conjunction with the Illinois decisions in *Passmore* and its predecessor cases persuade us to find that a plaintiff who bears the dual disability of minority age and mental incompetency is subject to the tolling provision in subsection (c) and not the eight-year limitations period for minors in subsection (b). Thus, we reverse the order dismissing plaintiffs' complaint.

■ Next, plaintiffs advance four constitutional challenges to the statute at issue. In light of our decision to reverse the dismissal of plaintiffs' complaint, we cannot reach the constitutional arguments. It is well established that constitutional questions will not be considered where the case can be determined on other, nonconstitutional grounds. *People v. McDaniel* (1995), 164 Ill. 2d 173, 180 ("a court will avoid determining a constitutional question if the case can be resolved on other, nonconstitutional grounds"); *People v. Mitchell* (1993), 155 Ill. 2d 344, 356, 614 N.E.2d 1213; *Lake Louise Improvement Association v. Multimedia Cablevision of Oak Lawn, Inc.* (1987), 157 Ill. App. 3d 713, 716, 510 N.E.2d 982 ("a court should not decide a cause on constitutional grounds if it can be determined on other grounds").

■ Lastly, defendants correctly assert that plaintiffs have waived any claims under the Family Expense Act because they failed to ad-

dress such claims in their opening appellate brief. Plaintiffs' mere request in their original brief to reverse the order of the trial court is not sufficient to escape waiver.

Illinois Supreme Court Rule 341(e)(7) expressly provides:

"Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing." 134 Ill. 2d R. 341(e)(7).

Where an appellant does not address a count of his complaint in his opening appellate brief, this court would not consider the count on plaintiff's appeal from the dismissal of his complaint. *Jordan v. Civil Service Comm'n* (1993), 246 Ill. App. 3d 1047, 1049, 617 N.E.2d 142.

For all the foregoing reasons, we affirm the dismissal of the counts brought pursuant to the Family Expense Act, reverse the dismissal of the counts brought on behalf of the minor plaintiff and remand the matter to the circuit court.

Affirmed in part; reversed in part and remanded.

TULLY and CERDA, JJ., concur.