(No. 93-CC-0238– )

LARRY BRUCE RUBIN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Order filed November 5, 1992.*
*Order on petition for rehearing filed July 14, 1993.*
*Order filed September 27, 1993.*
*Opinion filed March 3, 1995.*
*Opinion filed May 5, 1995.*
*Order filed May 22, 1995.*
*Order filed May 22, 1995.*

LARRY BRUCE RUBIN, *pro se*, for Claimant.

DUNN, ULBRICH, HUNDMAN, SANCZAK & OGAR (HELEN OGAR, of counsel), for Respondent.

## ORDER

MONTANA, C.J.

This cause comes on to be heard on the Respondent's motion to dismiss and the Claimant's response thereto, due notice having been given, and the Court being advised, it is hereby ordered that the Respondent's motion is granted and this claim is dismissed for the reasons stated in the motion.

## ORDER

FREDERICK, J.

This cause coming on Claimant's motion for rehearing, and the Court being fully advised in the premises, wherefore, the Court finds:

(1) That Claimant filed his complaint against the board of governors on August 7, 1982, claiming damages for alleged actions occurring in 1977 through 1980 at Western Illinois University.

(2) That the Court entered an order dismissing the cause on November 5, 1992.

(3) That Claimant has failed to provide to the court any documentation to show the Court that Claimant was adjudicated an incompetent for any period from 1980 until August 7, 1992, sufficient to toll the statute of limitations in regard to the applicable notice and filing provisions of the law.

Therefore, it is ordered that the motion for rehearing is denied.

## ORDER

FREDERICK, J.

This cause coming on for hearing on Claimant's motion to reopen case due to "Significant" evidence, and the Court being fully advised in the premises, wherefore, the Court finds:

(1) That Claimant's complaint alleges that the acts complained of occurred from 1977 to 1980.

(2) That from Claimant's allegations, it is impossible to tell when the two-year statute of limitations would

have run but it appears it would have been some time between January 1, 1982, and January 31, 1982.

(3) That section 13—211 of the Code of Civil Procedure (735 ILCS 5/13—211) controls the tolling of the statute of limitations for persons under legal disability. *Estate of Rika v. Christ Hospital* (1989), 187 Ill. App. 3d 752.

(4) That on July 1, 1982, the legislature changed the language of the tolling provision from persons who are "incompetent" to persons "under legal disability." (Pub. Act 92-280, eff. July 1, 1982.) See *Peach v. Peach* (1966), 73 Ill. App. 2d 72.

(5) That Claimant's pending motion raises an issue of whether he was under a legal disability beginning in 1980 through 1982.

(6) That depending on when Claimant's alleged claim began, the standard for tolling the statute may differ because of the amendment to the statute.

Therefore, it is ordered:

(A) That the Commissioner assigned to the case shall hold a hearing solely on the issue of whether the statute of limitations has been tolled.

(B) The Claimant has the burden of proving when the statute of limitations began running, when it began to be tolled, when any "incompetency" or "legal disability" ended, and that he filed his claim within the statute of limitations or within a period when the statute of limitations was properly tolled.

(C) The Commissioner shall report to the Court as to the issues herein sought to be resolved.

OPINION

FREDERICK, J.

The Claimant filed his complaint sounding in tort on August 7, 1992. On September 27, 1993, the Court entered an order requiring the Commissioner to hold a hearing solely on the issue of whether the statute of limitations had been tolled. The Claimant had the burden of proving when the statute of limitations began running, when it began to be tolled, when any incompetency or legal disability ended, and that he filed his claim within the statute of limitations or within a period when the statute had been tolled. The inartfulness of the allegations of the complaint made it difficult for the Court to determine when the statute of limitations started and ended.

The allegations indicate the alleged occurrence happened at some point between 1977 and 1980. The complaint was filed on August 7, 1992. The cause was heard before the Commissioner. The medical records of Dr. Buchanan presented by Claimant were admitted into evidence. The Commissioner also heard testimony from the Claimant. Because this is a tort claim, without tolling the latest the statute of limitations would have run would have been January 31, 1982. See section 8(d), 22(g), Court of Claims Act, 705 ILCS 505/1, *et seq.*

Therefore, the only issue before the Court is whether Claimant was under a legal disability that prevented the statute of limitations from running. Section 22(g) also indicates that tort claims must be filed within two years after it first accrues saving to minors and persons under legal disability at the time the claim accrues, in which case the claim must be filed within two years from when the disability ceases.

We have scrupulously reviewed the medical records of Dr. Robert W. Buchanan and the testimony of Claimant. Dr. Buchanan's records indicate he saw Claimant on August 22, 1984. At that time, Claimant presented "himself in a clean manner, dressed appropriately, and is somewhat hyperactive in his motor activity." Dr. Buchanan also related that Claimant had no history of psychiatric hospitalizations. His diagnosis was severe borderline personality with paranoid ideation. Dr. Buchanan also gave an opinion that Claimant was disabled and unable to work during the years 1980 through 1982. Claimant testified that he became better in 1988. Claimant believed he had five years from 1988 to file his claim. He testified his disability ceased in 1988.

There was no medical evidence that Claimant was disabled after August 22, 1984. However, even if the Court were to accept Claimant's version of when his alleged disability ended, the statute of limitations expired on January 2, 1991. As Claimant filed his claim beyond the expiration date of the latest statute of limitations date, the Court is without jurisdiction to hear his claim. See section 22(h) of Court of Claims Act. 705 ILCS 705/22(h).

For the foregoing reasons, the Claimant's motion to reopen case due to significant evidence is denied and this cause is dismissed with prejudice.

## OPINION

FREDERICK, J.

On September 27, 1993, this Court entered an order directing the Commissioner to hold a hearing in regard to whether the statute of limitations had been tolled and when any incompetency or legal disability ended. The

Commissioner held the required hearing on August 8, 1994. In reviewing all of the evidence and testimony, we find as follows:

(a) This is a claim sounding in tort.

(b) The Claimant never filed a notice of intent to sue pursuant to section 22—1 of the Court of Claims Act. 705 ILCS 505/1, *et seq*.

(c) That Claimant was admitted to the McDonough District Hospital on September 11, 1980, complaining of a multitude of strange persecutory delusions. He was discharged on September 15, 1980.

(d) That in September of 1980 Claimant was diagnosed with paranoid schizophrenia.

(e) That Claimant had been previously admitted to McDonough District Hospital on October 27, 1979, for an acute psychotic reaction and was discharged on October 31, 1979.

(f) Claimant was hospitalized at McDonough District Hospital on December 12, 1977, for a seizure disorder and thoracic kyphoscoliosis and released on December 12, 1977.

(g) Claimant was hospitalized at Grant Hospital from January 30, 1988, to February 9, 1988, and from April 21, 1988, through May 6, 1988, for delusional disorder and seizure disorder.

(h) Claimant was treated by a Dr. Robert Buchanan intermittently between December 16, 1976, and December 2, 1986. Claimant's diagnosis was DSM III-R 301.83.

(i) Claimant has had treatment at the counseling center from December 17, 1988, through August 5, 1993.

(j) Dr. Robert W. Buchanan, a psychiatrist, gave the opinion that for the years 1980 through 1982, Claimant was disabled and unable to work during that period.

(k) The complaint seeks damages for "injury" and "medical services" from a period of 1977 through 1980.

(l) Claimant testified he became better in 1988.

(m) Claimant filed his complaint on August 7, 1992.

The statute of limitations would normally have run at the very latest on January 2, 1983. We gave the Claimant the opportunity to present evidence that he was disabled during a sufficient time between January 2, 1980, and August 7, 1992, to toll the statute of limitations. The only evidence presented by Claimant which indicated Claimant was disabled in any way was the document from Robert W. Buchanan, a psychiatrist, who indicated that for the years 1980 through 1982, Claimant was disabled and unable to work during that period. There is no other evidence before the Court that even comes close to establishing a legal disability. The statute of limitations would, therefore, have run on January 2, 1984. Even if the Court were to accept Claimant's testimony that he became better in 1988, the statute of limitations would run no later than January 2, 1990.

Claimant misapprehends the applicable statute of limitations. This is a tort claim. The Court's tort claim jurisdiction falls under section 8(d) of the Court of Claims Act. (705 ILCS 505/8(d).) The statute of limitations for all claims arising under section 8(d) is found in section 22(h) of the Act. Subsection (h) states: "All other claims must be filed within 2 years after it first accrues, saving to minors, and persons under legal disability at the time the claim accrues, in which case the claim must be filed within 2 years from the time the disability ceases." All

time limitations under the Act are binding on the Court as jurisdictional. 705 ILCS 505/22(h).

As Claimant failed to file his claim within the statute of limitations, the cause must be dismissed for want of jurisdiction. For the foregoing reasons, it is the order of the Court that this claim be and hereby is dismissed.

## ORDER

FREDERICK, J.

This cause comes before the Court on Claimant's motion to appeal the decision to reopen cause due to significant evidence, which the Court will consider as a motion for rehearing, and the Court having reviewed this cause and the pleadings and evidence, and the Court being fully advised in the premises, wherefore, the Court finds:

(1) That Claimant filed his complaint on August 7, 1992.

(2) That Claimant had a hearing with the opportunity to prove the statute of limitations was tolled sufficiently to file his claim on August 7, 1992, while alleging a possible tort claim occurring some time between 1977 and 1980.

(3) That Claimant failed to meet his burden of proof to prove that he was legally disabled from filing a claim for a sufficient period to allow the August 1992 filing.

(4) That the Court's decision was correct and nothing in Claimant's motion to reconsider leads the Court to reconsider its decision.

Wherefore, it is ordered that Claimant's motion filed March 29, 1995, is denied.

## ORDER

FREDERICK, J.

The Court has previously dismissed the claim of Claimant, Larry Bruce Rubin, as the claim was filed beyond the applicable statute of limitations. Claimant's motion to reconsider was denied.

On April 6, 1995, Claimant filed in this cause an inch-thick stack of papers which are copies of pleadings in lawsuit filed by Claimant in the circuit court of Cook County, Illinois entitled: *Larry Bruce Rubin v. Thresholds, et al.*, No. 86-L-19451. As the Court has found that Claimant failed to prove that he had a legal disability after 1988, none of the documents filed on April 6, 1995, involving a 1986 lawsuit are relevant.

We also find that a claim must have finality at some point and that point has been reached in the instant case.

Therefore, it is ordered:

(A) That the documents filed by Claimant on April 6, 1995, are stricken.

(B) That the clerk is directed not to accept any more filings from Claimant in this case, 93-CC-0238.

(C) That this case is closed.