No. 2--96--1242

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

S.D., a Minor, by her Mother ) Appeal from the Circuit Court

and Next Friend, D.D.; and D.D. ) of De Kalb County.

and L.D., Indiv., ) 

) No. 96--L--9

Plaintiffs-Appellants, )

)

v. )

)

KISHWAUKEE COMMUNITY HOSPITAL; )

J. McCORMICK; C.F. BOYLES;   )

ISHTIAQUE BANGESH; HERIBERTO    ) 

MENEDEZ; NEIL ROSS; STANLEY     )

BRANDON; C. WILHELM; M. JOHNSEN; )

N. RICH (appearing as N. Rich-  )

Feyerherm); J. KOHN; D. HENIGAN; )

M. BARNES; N. KUHN (appearing   )

as N. Kuhn-Ignelsi); G. CAMPBELL)

(appearing as Rita Campbell);   ) 

PAT DAGGERBERG (appearing as    ) 

Pat Fagerberg-Freeman);         )  

B. ROLAND; L. LATHROP; M.S.     )

LIPPS; M. NELSON; G. PECKER     ) 

(appearing as G. Pecks); RAPP   )

(appearing as Rosemary Taffs);  )

G. WEYALI (appearing as         )

G. Wojcik); M. WIHMEYER         ) 

(appearing as Mary Wehmeyer);   )

J. KROPSCINIC (appearing as     ) 

Jacquelyn Mascenic); S. SLOVIK; ) 

KRAFTS; BEJNENEUZ (appearing as )

J.J. Bejnarowicz); M. KOOTREY   )

(appearing as M. Kostrey);      ) 

S. MINOR (appearing as A. Minor- )

Sorrentino); and KRIS )

McCLURE, ) Honorable

) John W. Countryman, 

Defendants-Appellees. ) Judge, Presiding.

________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, S.D., a minor, and her mother and next friend, D.D., and D.D. and L.D., individually, appeal the order of the circuit court of De Kalb County dismissing their medical malpractice and family expense statute (750 ILCS 65/15 (West 1994)) claims against defendants, Kishwaukee Community Hospital and a number of physicians and nurses, as time-barred under section 13--212(b) of the Code of Civil Procedure (Code) (735 ILCS 5/13--212(b) (West 1994)).  We affirm in part and reverse in part and remand.

The following facts are taken from the plaintiffs' complaint.  S.D. was allegedly injured during her birth on August 15, 1981, suffering severe and permanent disability due to brain damage allegedly caused by defendants.  On March 14, 1995, plaintiffs filed an 11-count complaint against defendants alleging medical malpractice and seeking damages for the minor's injuries and reimbursement for the parents' past and future expenses on behalf of their child.

Defendants filed a motion to dismiss pursuant to section 2--619 of the Code (735 ILCS 5/2--619 (West 1994)), contending that plaintiffs' claim was barred by the eight-year statute of repose for minors set forth in section 13--212(b) of the Code (735 ILCS 5/13--212(b) (West 1994)).  Defendants argued that section 1.06 of the Statute on Statutes (5 ILCS 70/1.06 (West 1994)) defined a "[p]erson under legal disability" in a way that expressly excluded minors.  Defendants further argued that, even if the minor were considered to be mentally disabled, the repose period for actions against health care providers, as opposed to the limitations period, was no different for persons under legal disability than for any other person.  Defendants also argued that plaintiffs' family expense statute claims were barred by section 13--203 of the Code (735 ILCS 5/13--203 (West 1994)) because the claims were not brought within the two-year statute of limitations or the four-year statute of repose.

Plaintiffs argued that their claims were subject to the tolling provisions of section 13--212(c) of the Code because the minor suffered from the disabilities of minority and mental incompetency.  Plaintiffs contended that the tolling period for mental incompetency did not end until the disability was removed and, therefore, the four-year period of repose did not apply to this case.  Plaintiffs also argued that their family expense statute action was not barred because the period required to bring derivative causes of action coincided with the period applicable to the underlying cause of action.

The trial court dismissed all counts of plaintiffs' complaint on July 3, 1996.  The trial court held that section 13--212(b) of the Code applied to minors regardless of whether the minor was under any other legal disability.

Plaintiffs filed a motion to reconsider, which the trial court denied on October 3, 1996.  Plaintiffs' timely appeal followed.

We are asked to decide whether subsection (b) or (c) of the medical malpractice limitations statute governs the situation where the plaintiff is both a minor and incompetent.  Section 13--212 provides:

"(a) Except as provided in Section 13--215 [fraudulent concealment] of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

(b) Except as provided in Section 13--215 of this Act, no action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 8 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death where the person entitled to bring the action was, at the time the cause of action accrued, under the age of 18 years; provided, however, that in no event may the cause of action be brought after the person's 22nd birthday.  If the person was under the age of 18 years when the cause of action accrued and, as a result of this amendatory Act of 1987, the action is either barred or there remains less than 3 years to bring such action, then he or she may bring the action within 3 years of July 20, 1987.

(c) If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed."  735 ILCS 5/13--212 (West 1994).

We review the issue of statutory construction 
de
 
novo
.  
Village of South Elgin v. City of Elgin
, 203 Ill. App. 3d 364, 367 (1990).

Plaintiffs argue that section 13--212(c) was applicable to their malpractice action and that the trial court erred by dismissing their action pursuant to the eight-year period of repose in section 13--212(b).  Plaintiffs also raise constitutional issues relative to the statute at issue in this appeal and question the propriety of the trial court's dismissal of their allegations under the family expense statute.

Defendants argue that the structure of section 13--212 indicates that plaintiffs' action is barred by the general four-year period of repose.  Defendants contend that subsection (c) pertains only to the limitations period.  Defendants assert that the four-year period of repose set forth in subsection (a) therefore governs actions tolled under the provision of subsection (c).  Defendants maintain that plaintiffs' action was untimely because it was brought after the four-year period of repose had expired.  We disagree.

The principles governing statutory interpretation are familiar.  The primary rule is that a court should determine and give effect to the legislature's intent.  
This intent is best discerned from the words of the statute itself.  
Bonaguro v. County Officers Electoral Board
, 158 Ill. 2d 391, 397 (1994).  Where the statutory language is clear and unambiguous, a court must enforce the statute as enacted without adding exceptions, conditions, or limitations to the legislature's clearly expressed intent.  
Bethania Ass'n v. Jackson
, 262 Ill. App. 3d 773, 776-77 (1994).  Additionally, a court must construe the statute so as to give each provision some reasonable meaning and to avoid finding surplusage, if possible.  
Bethania Ass'n
, 262 Ill. App. 3d at 777.

The plain language of subsection (b) relates to a person who "was, at the time the cause of action accrued, under the age of 18 years."  735 ILCS 5/13--212(b) (West 1994).  Subsection (c), on the other hand, relates to a person who is, "at the time the cause of action accrued, under a legal disability 
other than being under the age of 18 years
."  (Emphasis added.)  735 ILCS 5/13--212(c) (West 1994).  Plaintiff minor would thus, by the plain language of the statute, fall under both subsections (b) and (c).  Accordingly, the plain language of the statute mandates that the limitations period begins to run only when plaintiff minor's disability is removed, or, in this case, never.  While this may be a harsh result for defendants, it is supported by the development of the statute and various decisions interpreting the statute.

Section 13--212 was amended in 1987, substantially taking its current form.  Before the 1987 amendment, section 13--212 provided:

"No action for damages for injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this State, whether based upon tort, or breach of contract, or otherwise, arising out of patient care shall be brought more than 2 years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than 4 years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death except as provided in Section 13--215 [fraudulent concealment] of this Act.

If the person entitled to bring the action is, at the time the cause of action occurred, under the age of 18 years, or under legal disability or imprisoned on criminal charges, the period of limitations does not begin to run until the disability is removed."  Ill. Rev. Stat. 1985, ch. 110, par. 13--212.

Thus, the first paragraph is almost identical to the current subsection (a), and the second paragraph is substantially similar to subsection (c).

The tolling provision in the pre-1987 version of the statute was interpreted in 
Passmore v. Walther Memorial Hospital
, 152 Ill. App. 3d 554 (1987).  There, the plaintiff alleged that he was rendered mentally incompetent in 1962 at the age of eight months.  Four years after his eighteenth birthday, he was legally adjudicated disabled and shortly thereafter filed his malpractice action.  
Passmore
, 152 Ill. App. 3d at 555.  The court held that the plaintiff had sufficiently alleged facts to show that he was under a legal disability to toll the limitations period, even though the suit was initiated more than 4½ years after the plaintiff's eighteenth birthday.  
Passmore
, 152 Ill. App. 3d at 557.  It is clear that, under the tolling provision of the pre-1987 version of the statute, the period of repose is suspended in cases of legal disability; otherwise the plaintiff's action in 
Passmore
 would have been barred by the period of repose.

Under the current version of the statute, subsection (c) contains the tolling provision at issue in 
Passmore
.  It provides that, if one entitled to bring a medical malpractice action is "under a legal disability other than being under the age of 18 years, then the period of limitations does not begin to run until the disability is removed."  735 ILCS 5/13--212(c) (West 1994).  The legislature did not change the substance of the tolling provision in the 1987 amendment of section 13--212.  
Clark v. Han
, 272 Ill. App. 3d 981, 989 (1995).  Moreover, where, as here, the legislature amended the statute at issue after it had been interpreted in the courts, we presume the legislature was aware of the judicial construction and acted with that knowledge.  
Clark
, 272 Ill. App. 3d at 989.  Thus, where the amendment did not change the substance of the statute, prior judicial interpretations retain their validity. 
Passmore
 therefore retains its vitality and instructs us that the application of the tolling provision, now codified at subsection (c), to the facts of this case results in the determination that plaintiffs' action is not time-barred.

Additionally, we note that the Appellate Court, First District, recently considered a factually indistinguishable case interpreting section 13--212.  
Clark
, 272 Ill. App. 3d 981.  There, the minor plaintiff alleged that the defendants committed malpractice at his birth in 1972, resulting in incompetence.  The complaint was filed in 1992, when plaintiff was 16.  The defendants moved to dismiss the complaint as time-barred under section 13--212.  The court held that "a plaintiff who bears the dual disability of minority age and mental incompetency is subject to the tolling provision in subsection (c) and not the eight-year limitations period for minors in subsection (b)."  
Clark
, 272 Ill. App. 3d at 990.  We find 
Clark
 to be indistinguishable from the instant case, and, to be controlling.

Defendants attempt to distinguish 
Clark
, arguing that plaintiff minor cannot be a person under a legal disability, as under the Statute on Statutes a person under a legal disability must be an adult.  5 ILCS 70/1.06 (West 1994).  Section 1.06(a) provides that a person under a legal disability "means a person 18 years or older who (a) because of mental deterioration or physical incapacity is not fully able to manage his or her person or estate."  5 ILCS 70/1.06(a) (West 1994).  Defendants contend that because 
Clark
 did not consider this definition and its effect on section 13--212, it is therefore not controlling.  We disagree with defendants' argument.

The Statute on Statutes provides that "[i]n the construction of statutes, this Act shall be observed, unless such construction would be inconsistent with the manifest intent of the General Assembly or repugnant to the context of the statute."  5 ILCS 70/1 (West 1994).  Incorporating the definition of "[p]erson under a legal disability" into subsection (c) would render the phrase "other than being under the age of 18 years" superfluous.  Subsection (c) would effectively read:

"If the person entitled to bring an action described in this Section is, at the time the cause of action accrued, 18 years or older and who (a) because of mental deterioration or physical incapacity is not fully able to manage his or her person or estate ***, and is not under the age of 18 years, then the period of limitations does not begin to run until the disability is removed."

We must construe statutes so that no sentence, clause, or word is made superfluous or meaningless.  
Bonaguro
, 158 Ill. 2d at 397.  We should also strive to give a reasonable meaning to each provision.  
Bethania Ass'n
, 262 Ill. App. 3d at 777.  The interpretation defendants urge would violate these fundamental rules of statutory construction.  In contrast, our interpretation follows the plain meaning of the statute without recourse to external sources and is consonant with previous judicial interpretations.  Accordingly, we reject defendants' argument.  We therefore hold that the trial court erred when it dismissed plaintiffs' medical malpractice action.  We find that plaintiff minor falls under the tolling provision in section 13--212(c) and that the action was not time-barred.  Because of our determination of this issue, we need not address plaintiffs' constitutional arguments.

Plaintiffs next contend that their family expense statute (750 ILCS 65/15 (West 1994)) claim was erroneously dismissed.  Plaintiffs argue that, because the medical malpractice claim was tolled by section 13--212(c) and the family expense claim is derivative of the medical malpractice action, it too should receive the benefit of the tolling provision in the medical malpractice action.  Plaintiffs concede, however, that the controlling cases of 
Dewey v. Zack
, 272 Ill. App. 3d 742 (1995), and 
Beck v. Yatvin
, 235 Ill. App. 3d 1085 (1992), both rejected similar arguments.  Plaintiffs urge that we reconsider the reasoning in these cases because they were "not adequately analyze[d]."  We have considered plaintiffs' arguments and find no compelling reason to revisit our holding in 
Dewey
 or the holding in 
Beck
.  Accordingly, we hold that the trial court properly dismissed plaintiffs' family expense claim (750 ILCS 65/15 (West 1994)).

For the foregoing reasons, the judgment of the circuit court of De Kalb County is affirmed in part and reversed in part, and the cause is remanded.

Affirmed in part and reversed in part; cause remanded.

GEIGER, P.J., and McLAREN, J., concur.