In the

# United States Court of Appeals

## For the Seventh Circuit

No. 16-2109

JOHNNIE WATKINS, as Guardian of the
Estate of Johnnice Ford, a disabled
person,

*Plaintiff-Appellant*,

*v.*

UNITED STATES OF AMERICA,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 1:15-cv-08350 — **Ronald A. Guzmán**, *Judge.*

ARGUED JANUARY 6, 2017 — DECIDED APRIL 27, 2017

Before WOOD, *Chief Judge*, and BAUER and ROVNER, *Circuit Judges*.

ROVNER, *Circuit Judge.* This appeal is from the district court's dismissal, on statute of limitations grounds, of a medical malpractice claim. The plaintiff, Johnnie Watkins, filed

the action on behalf of her adult daughter Johnnice Ford, who is a disabled person. The complaint alleged that Ford sought treatment at the emergency room of Ingalls Memorial Hospital, where she was treated by Dr. Bari Parks-Ballard, an employee of Family Christian Health Center. She asserts that Parks-Ballard failed to properly diagnose and treat Ford, who was eventually diagnosed with Wernicke's encephalopathy and who sustained neurological injuries including permanent disability. Because Family Christian Health Center operated pursuant to grant money from the Public Health Services, an agency of the United States government, the action was brought pursuant to the Federal Tort Claims Act (FTCA) and the United States is the defendant. The district court dismissed the action as filed beyond the relevant statute of limitations, and the plaintiff appeals that determination. On appeal, the plaintiff argues that the court erred in taking judicial notice of Ford's prior lawsuit and dismissing the case based on the statute of limitations without allowing her to establish that Ford suffered from a mental disability. We agree with the reasoning of the district court and affirm.

As the district court recognized, the FTCA constitutes a limited waiver of the United States' sovereign immunity, which allows individuals to pursue actions against the federal government for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 2675(a); *Warram v. United States*, 427 F.3d 1048, 1049 (7th Cir. 2005). The applicable FTCA statute of limitations bars any such claim not presented in writing to the appropriate agency within two years of the claim's accrual.

Under the savings clause, that time period can be extended as long as the plaintiff filed a civil suit concerning the underlying tort claim within two years of its accrual and presented that case to the appropriate federal agency within 60 days of the civil suit's dismissal.

In assessing the timeliness of the 2015 action, we must first identify when the claim accrued, because the limitations period begins to run at that time. In *United States v. Kubrick*, 444 U.S. 111, 118 (1979), the Supreme Court held that a cause of action for purposes of the limitations period accrues when the claimant knows, or would reasonably be expected to know, of the existence of her injury and who caused it, whether or not the claimant is aware that there was negligence or a wrongful act involved. See also *Blanche v. United States*, 811 F.3d 953, 958 (7th Cir. 2016). In *Barnhart v. United States*, 884 F.2d 298, 299 (7th Cir. 1989), we addressed a claim that the injury itself impaired the ability of the plaintiff to understand and pursue her claim, and we considered that such incapacity could toll the accrual date; we held that the proper focus in determining when the claim accrued under the discovery rule in such cases remains on the claimant's awareness or ability to discover and comprehend the cause of her injuries. In *Blanche* we further noted that the plaintiff need not know that her injury was caused by a doctor; "the accrual date is when the plaintiff has enough information to suspect, or a reasonable person would suspect, that the injury 'had a doctor-related cause.'" 811 F.3d at 958, quoting *Arroyo v. United States*, 656 F.3d 663, 672-73 (7th Cir. 2011).

In determining that the claim accrued as of August 2010, the district court took judicial notice of a state court medical

malpractice claim filed in August 2010 by Ford against Ingalls Memorial Hospital, Dr. Parks-Ballard, and Family Christian Health Center. See *Ennenga v. Starns*, 677 F.3d 766, 773 (7th Cir. 2012) (noting that in considering a motion to dismiss, courts may take judicial notice of facts readily ascertainable from the public court record such as the dates on which certain actions were taken). The district court noted that the August 2010 complaint contained virtually the same allegations as those in this case regarding the failure to timely diagnose and treat her encephalopathy. Ford voluntarily dismissed that complaint within a month after its filing, but its relevance is in its reflection of Ford's awareness that those defendants caused her injuries.

Because the complaint reflects an awareness that her injuries were caused by the defendant (through its agents), at a minimum the claim accrued as of August 2010. Pursuant to the limitations provision applicable to FTCA claims, Ford could proceed with her claim against the United States only if she (1) presented her claim to the appropriate agency within two years of the date of the claim's accrual; or (2) filed a civil suit within 2 years from that date of accrual and presented that case to the appropriate federal agency within 60 days of the civil suit's dismissal. See 28 U.S.C. § 2679(d)(5); *Blanche*, 811 F.3d at 957-58. The plaintiff failed to satisfy either of those alternate avenues. The claim was not presented to the administrative agency until January 19, 2015, which was approximately 4-1/2 years after the date the claim accrued. Nor was the claim presented to the appropriate agency within 60 days from the dismissal of a civil suit that was filed within 2 years from the date of accrual. No claim was submitted to the agency within

60 days of the dismissal of the August 2010 action, and no other civil suit was filed within 2 years of the claim's accrual, which was August 2010 at the latest. On that basis, the district court granted the defendant's motion to dismiss the complaint.

Watkins raises a number of challenges to that reasoning. First, Watkins argues that the district court improperly failed to credit her allegations that Ford suffered from a mental disability since September 2008. Watkins alleged in the complaint that Ford "has been disabled since September 10, 2008, when she was diagnosed with Wernicke's encephalopathy," and that Ford "has been unable to manage her person, and estate and unable to recognize the cause of her action due to her diagnosis of Wernicke's encephalopathy." Plaintiff's First Amended Complaint § 6. The complaint further provided that Watkins brought the cause of action as Ford's legal guardian "due to Johnnice Ford's inability to make medical, legal, and financial decisions for herself." *Id.* at § 7. Watkins asserts that the district court failed to consider those allegations as true, as required in addressing a Rule 12(b)(6) motion, and that if it had done so, it would have necessarily concluded that Ford's mental disability prevented her from recognizing the "doctor-related cause of her injuries."

But the district court properly took judicial notice of the state court complaint filed by Ford's counsel in August 2010, which contained the same essential allegations as the present suit. We need not speculate as to whether the alleged mental disability impacted Ford's ability to recognize the cause of her injuries, because the 2010 lawsuit establishes that Ford was *actually* aware of the cause of her injuries. Watkins argues, however, that the court erred in taking judicial notice of that

2010 complaint, alleging that the filing of the complaint establishes only two facts—that Ford's name appears in the caption and that the complaint was filed on a certain date. She asserts that the record is devoid of evidence that Ford had any awareness of its filing. That bare allegation, without more, is insufficient to render the 2010 complaint irrelevant to these proceedings. Watkins provides nothing more than mere speculation that the complaint was filed without Ford's awareness. She includes no argument as to how the attorney who filed the complaint would be aware of the injuries to Ford and the circumstances which caused those injuries without Ford's participation and awareness. Moreover, she never alleges that she has, or could provide, evidence calling into question the legitimacy of the complaint, such as affidavit evidence from the attorney who filed it indicating that he or she communicated with someone other than Ford, or evidence that the attorney engaged in such unethical behavior in other such cases by purporting to bring a cause of action on behalf of a person without that person's knowledge or consent. Although the appeal is here on a motion to dismiss, the complaint and the public court record establish that Ford was aware of the injury and its cause, and in fact was pursuing legal action on such claims, as of August 2010. To survive dismissal, Watkins must allege some non-speculative basis to dispute that conclusion. Absent a claim that there is a plausible, good-faith basis to challenge the legitimacy of the August 2010 complaint, the court is entitled to take judicial notice that the complaint was filed by Ford in 2010 which contained the same essential allegations as the complaint before us now.

Moreover, although the complaint alleges that Ford has been disabled since September 10, 2008, when she was diagnosed with Wernicke's encephalopathy, and has been unable to manage her person and estate and to recognize the cause of her action due to that diagnosis, there is no allegation that any guardian was appointed for Ford until Watkins was named her guardian on January 14, 2015. Accordingly, the 2010 complaint with Ford as plaintiff cannot be attacked on the basis that Ford legally could act only through a guardian.

Watkins questions whether the district court considered the statements of Ford's physicians and case workers regarding her brain damage, such as a statement in 2008 by her physician that she was unable to attend to her financial affairs since she was unresponsive for unknown reasons and that he could not predict when she would be able to attend to her personal affairs. Although in November 2008, a case manager issued a report indicating that due to Watkins' cognitive limitations and physical impairments, she was unable to care for her children, and Watkins was appointed as guardian for those children, no guardian was appointed for Ford and nothing indicated a total inability to understand her own circumstances or to appreciate the cause of her injuries. As we concluded earlier, however, we need not assess whether the allegations of Ford's disability would have been sufficient to permit an inference that Ford was unable to recognize the cause of her injuries, because the allegations in the complaint filed in 2010 establish that at least as of that date she in fact possessed such knowledge. Contrary to Watkins' argument to this court, the court in taking judicial notice of that 2010 complaint did not take notice of the validity of the substance of the allegations within it, but rather took

notice only of the existence and timing of those allegations. Whether the allegations are valid or not, the court can take notice of their presence in the complaint, and that presence demonstrates Ford's awareness of those potential allegations at that time. Because the cause of action accrued at least as of that date, the complaint in this case was not filed within the limitations period. As we uphold the dismissal on that ground, we need not consider the defendant's alternative argument that dismissal would also be proper under Illinois' statute of repose. See *Augutis v. United States*, 732 F.3d 749 (7th Cir. 2013).

Accordingly, the decision of the district court is AFFIRMED.